IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | 2:00cv1827 |
| **DAVID W. BUTLER**, ) ) | **Electronic Filing** |
| Defendant. ) | |

### MEMORANDUM ORDER

October 27, 2005

The Securities and Exchange Commission (the "Commission") has filed a Motion to Strike, or in the Alternative, for Permission to Respond to, the Supplemental Declaration of Donald J. Enright, Esq. Enright's Declaration was filed on behalf of Defendant, David W. Butler ("Butler"), to demonstrate that Butler's net worth as of September 14, 2000, was less than the $2 million threshold prescribed by the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C. § 2412(d)(2)(B). The Court notes that this is the third such Declaration filed on behalf of Butler since he filed his Amended Motion for Award of Attorneys' Fees and Expenses on August 4, 2005.

The Commission contends that the Declaration must be stricken because it was filed without the permission of the Court, and was filed approximately three (3) months after the stipulated deadline for the filing of his amended fee petition. In similar matters, Courts of Appeals read § 2412(d)(1)(B) to require only that the fee application be filed within 30 days, and allow later amendments to perfect the application/content specifications set out in § 2412(d)(1)(B). *See Dunn v. United States*, 775 F.2d 99, 104 (3d Cir. 1985) (applicant need not submit within 30 days an itemized statement accounting for the amount sought); *Singleton v. Apfel*, 231 F.3d 853, 858 (11th Cir. 2000) (applicant need not allege within 30 days that her net worth did not exceed $2 million or that the Government's position was not substantially

justified). In *Bazalo v. West*, 150 F.3d 1380 (Fed. Cir. 1998), the Federal Circuit also held that an applicant may supplement an EAJA application to cure an initial failure to show eligibility for fees. The applicant in *Bazalo* had failed to allege and establish, within the 30-day period, that he was a qualified "party" within the meaning of § 2412(d)(2)(B), that his "net worth did not exceed $2,000,000 at the time the civil action was filed." *Bazalo v. West*, 150 F.3d at 1381.

The Third Circuit specifically held that once an EAJA fee request has been timely filed, "deficiencies in the contents of the claim may be corrected if the government cannot show any prejudice arising from the later correction of these deficiencies." *See Dunn v. United States*, 775 F.2d at 103-104. Though the Government has failed to allege that it has been prejudiced by this third Declaration, the mere fact that the Government had to review and respond to the Declarations is in fact prejudicial. However, the Court finds that the prejudice is outweighed by the scope of this litigation. In effort to finally resolve these matters, the Court will deny the Government's motion to strike. Though the Court finds the Government's memorandum in support of the motion to strike to be a more than adequate response to this third Declaration, the Court will allow the Government a separate response to the Supplemental Declaration if it believes such response necessary. Accordingly,

### ORDER OF COURT

Upon consideration of the Commission's Motion to Strike, or in the Alternative, for Permission to Respond to, the Supplemental Declaration of Donald J. Enright, Esq. (**Document No. 188**), in accordance with the accompanying memorandum,

IT IS HEREBY ORDERED that the Commission's motion is denied in part and granted in part. The motion to strike the Supplemental Declaration is **DENIED**. The Commission's motion for permission to respond to the Supplemental Declaration is **GRANTED**, the Government shall file a response on or before **Monday, November 7, 2005**.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Kingdon Kase, Esquire
Catherine E. Pappas, Esquire
Timothy N. McGarey, Esquire
Securities & Exchange Commission
Mellon Independence Center
701 Market Street
Suite 2000
Philadelphia, PA 19106

Burton H. Finkelstein, Esquire
Donald J. Enright, Esquire
Conor R. Crowley, Esquire
Finkelstein, Thompson & Loughran
1050 30th Street, NW
Washington, DC 20007