UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 00-1827 |
| Plaintiff, | Judge Cercone |
| v. | |
| DAVID W. BUTLER, | |
| Defendant. | |

---

**DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO RESPOND TO RECENTLY FILED AFFIDAVITS**

Respectfully submitted by:

Douglas G. Thompson, Esq.
Donald J. Enright, Esq.
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, NW
Washington, DC 20007
(202) 337-8000

Attorneys for Defendant

## INTRODUCTION

Defendant David Butler hereby responds to Plaintiff's Motion for Leave to Respond to Recently Filed Affidavits. While Plaintiff offers no reason whatsoever in its Motion for such leave to be granted, its evident purpose is to raise the same points the Commission has raised repeatedly through this proceeding – points Butler has discredited. Moreover, Plaintiff repeatedly misrepresents Butler's arguments throughout its proposed Reply. As demonstrated more fully herein, Plaintiff has offered no new argument to this Court and has, in fact, failed to properly characterize or address the arguments already before this Court. As such, Plaintiff's Motion should be denied and Plaintiff's proposed Reply to Affidavits Attached to Butler's Opposition should not be considered in connection with Butler's EAJA motion.[1]

## ARGUMENT

**I.  THE INITIAL COST OF ACQUISITION OF MARKETABLE SECURITIES IS THE APPROPRIATE MEASURE OF SUCH ASSETS FOR EAJA PURPOSES**

Butler has previously demonstrated that the overwhelming weight of authority holds that acquisition cost minus depreciation is the appropriate way to value a particular asset for EAJA purposes. See, e.g. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion To Strike ("Defendant's MTS Opp") at 7-8. Butler has additionally pointed out that the standard also holds true for marketable securities. See id. ("Indeed, Broaddus specifically addressed the same argument the Commission raises here, and held that the cost of acquisition standard specifically applies to

---

[1]  As Plaintiff notes, Butler is not registered for ECF filing in the Western District of Pennsylvania. As such, Butler is reliant on mail delivery to receive notice of filings in this Court and, accordingly, did not have notice of the SEC's motion until Monday, November 14, 2005.

"marketable securities.) (citing Broaddus v. United States Army Corps. of Engineers, 380 F.3d 162, 173 n. 10 (4th Cir. 2004).

In light of this principle of law – already discussed in Butler's filings[2] – Plaintiff's allegation that "Butler has not cited any controlling caselaw which states that the initial cost of establishing an IRA or a 401(k) account constitutes the appropriate measure for an account whose value has increased exponentially over time," is plainly false. SEC Motion at 5-6 n.6. Moreover, Plaintiff puts forth a position fundamentally at odds with EAJA jurisprudence when Plaintiff argues that the current value of marketable securities is an appropriate measure of the value of those assets. Compare id. (arguing against cost of valuation method) with Broaddus, 380 F.3d at 173 n.10 (holding cost of acquisition was appropriate valuation).

The simple truth is that cost of acquisition is the proper method of valuing Butler's Prudential IRA account. See Defendant's MTS Opp. at 7. Moreover, Plaintiff's efforts to muddy the water cannot obscure the fact that the cost of acquisition of Butler's IRA is known and defined and capable of being fully verified by reference to the various documentation Butler has provided this Court. As such, this Court should not consider the market fluctuations in the value of these accounts. Rather, this Court should consider the value of the accounts as established. Moreover, as this proper valuation demonstrates Butler's net worth was less than $2 million when this action was commenced, this Court should grant Butler's EAJA motion.

---

[2] In fact, the argument was made in the brief attached to the affidavits to which Plaintiff is purportedly responding. See Defendant's MTS opp at 7-8.

2

## II. PLAINTIFF FALSELY IMPLIES BUTLER THERE ARE EVIDENTIARY GAPS IN BUTLER'S DOCUMENTARY RECORDS

Plaintiff wrongly argues that Butler has failed to provide adequate documentary evidence of his finances; specifically, Plaintiff argues Butler has an obligation to produce materials connected with his IRA accounts above and beyond those already produced. This is false.

Butler's contributions to 401(k) retirement accounts must, by law, be reported on his W-2 forms. Butler has supplied all such forms to Olson and, subsequently, to the Court. Moreover, Butler has provided proof of all employment contributions throughout his year of employment. Butler has thereby presented the Court with evidence of all contributions to Butler's retirement account.

As discussed in the previous section, these initial contributions constitute the full value of these accounts for purposes of Butler's EAJA motion. As such, both Plaintiff and this Court have been provided with materials sufficiently establishing the acquisition cost of all Butler's retirement accounts. Butler has therefore sufficiently demonstrated the value of those accounts for EAJA purposes and Plaintiff's arguments to the contrary should be discounted entirely.

## III. PLAINTIFF PRESENTS A MISLEADING IMPRESSION OF BUTLER'S ARGUMENT REGARDING MARITAL ASSETS

Plaintiff fails to argue against Butler's primary contention regarding the appropriate valuation of his and his wife's marital assets: that California law mandates both Butler and his wife consent to any encumbrance of that property. Defendant's MTS Opp. at 8 – 9. Accordingly, as Butler's wife did not and would not have consented to Butler disposing of more than half of their collective net worth, Butler's funds available for the case – and therefore his EAJA net worth – amounted to *half* his marital net worth. Id.

Rather than address this contention, Plaintiff seeks to ascribe nefarious motives to the 2002 transmutation agreement. See SEC Motion at 6 (arguing transmutation agreement was the product of a "subsequent [realization] that a written agreement was necessary under California law to effectuate their alleged intent."). No such motives exist. Indeed, the agreement itself was motivated by a difference of opinion between the spouses as to the appropriate course of action to take in light of the substantially unjustified SEC action Butler was faced with. As Mrs. Butler has attested:

> I did not enter into the transmutation agreement in anticipation of David's EAJA trial, but rather, in part, to enable me to enforce my rights without resorting to divorce. At that time, David was determined to fight the SEC at any cost, based solely upon the principle that he was innocent. I did not share his fight-at-all cost attitude, and opted instead to protect my ability to raise, care for and educate our children.

Affidavit of Kristin G. Butler at ¶ 8.

In other words, Mrs. Butler took the appropriate action to memorialize her position concerning management of the Butler finances when her family was faced with a paradigmatic Hobson's choice. That choice was, of course, to have Butler wrongfully accept liability for an offense he never committed or to run the risk of bankruptcy by defending themselves against a substantially unjustified action. Plaintiff now seeks to punish the Butler family for the act of self-preservation; moreover, Plaintiff does this by fundamentally misrepresenting both Butler's legal arguments and the factual scenario surrounding the transmutation agreement.

Because Butler's usable portion of the marital assets for the purposes of this litigation could not have exceeded half of the total, and because the Court should not count Kristin Butler's assets against Mr. Butler for the purposes of determining his personal EAJA net worth, the proper measure of Defendant's net worth for these purposes should be roughly half of the marital assets, consistent with

4

the affidavits of Steven Olson and the opinion letter of Robert Klueger. As such, Butler's EAJA net worth was not only below the statutory $2 million threshold, but actually less than $1 million.

Regardless, Plaintiff should not be allowed to further burden the Court and Defendant with endless specious argumentation. Rather, this Court should deny Plaintiff's Motion and refuse to consider the proposed response.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion should be denied.

Dated: November 15, 2005

Respectfully submitted,

*/s/ Douglas G. Thompson*
Douglas G. Thompson
Donald J. Enright
FINKELSTEIN, THOMPSON
    & LOUGHRAN
1050 30th Street, N.W.
Washington, DC 20007
(202) 337-8000

Attorneys for David W. Butler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 00-1827 |
| Plaintiff, | Judge Cercone |
| v. | |
| DAVID W. BUTLER, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Michael G. McLellan, hereby affirm and attest under penalty of perjury that a copy of Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Respond to Recently Filed Affidavits was served by overnight mail upon:

Catherine Pappas, Esq.
United States Securities and Exchange Commission
Mellon Independence Center
701 Market Street, Suite 2000
Philadelphia, PA 19106

Timothy N. McGarey
Office of General Counsel
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

Sworn and subscribed this 15thth day of November, 2005.

_____
Michael G. McLellan