IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | 2:00cv1827 |
| DAVID W. BUTLER, ) ) | **Electronic Filing** |
| Defendant. ) | |

**MEMORANDUM ORDER**

December 29, 2005

After three years of investigation, the Securities and Exchange Commission (the "Commission") filed a complaint against defendant, David W. Butler ("Butler") alleging violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder.  The Commission contended that Butler knowingly or recklessly traded in the stock of his employer, FORE Systems, Inc. ("FORE"), on the basis of material, nonpublic information concerning FORE's quarterly earnings expectations.

A nonjury trial was commenced on September 20, 2004.  At the close of the Commission's case on September 23, 2004, Butler requested entry of judgment as a matter of law.  Following arguments in open court and extensive briefing, the Court granted Butler's motion for judgment.  Butler then filed an application for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, arguing that the litigation position of the Commission in the underlying civil enforcement action was not "substantially justified" and was pursued in bad faith.

The EAJA provides, in pertinent part:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A position is "substantially justified" when it is "justified in substance or in the main that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position is substantially justified, therefore, "if it has a reasonable basis in both law and fact." *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998) (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993)).

An additional requirement is imposed by the EAJA's definition of the term "party." The EAJA defines "party" as ". . . an individual whose net worth did not exceed $ 2,000,000 at the time the civil action was filed      " 28 U.S.C. § 2412(d)(2)(A). Therefore, in order for Butler to recover attorney fees he must first qualify as a proper "party" under the EAJA.

After a comprehensive review of the affidavits and supporting documents, the Court is not convinced that Petitioner is a party as defined under 28 U.S.C. § 2412, as his net worth exceeded the statutory minimum of $2 million dollars at the time the action was filed. Notwithstanding Butler's failure to prove he is a prevailing party under the EAJA, the Court also finds that the Commission's position was substantially justified and, therefore, was not pursued in bad faith.

    A.    <u>Butler's Net Worth</u>

As the party seeking to recover his litigation costs, Butler bears the burden of establishing that he meets the net worth limitations of the EAJA. *See Estate of Woll by Woll v. United States*, 44 F.3d 464, 470 (7th Cir. 1994); *Pate v. United States*, 982 F.2d 457, 459 (10th Cir. 1993); *National Truck Equip. Ass'n v. National Highway Traffic Safety Admin.*, 972 F.2d 669, 671 (6th Cir. 1992); *Love v. Reilly*, 924 F.2d 1492, 1494 (9th Cir. 1991). In support of his petition, Butler has submitted, *inter alia*, one (1) affidavit and two (2) amended affidavits prepared by his accountant, Steven Olson, to establish that his net worth was under the statutory minimum at the time this action was filed. The circumstances surrounding the several filings raise doubts as to the credibility of theses affidavits.

Butler initially filed an application for an award of attorney's fees and expenses on July 15, 2005. The application, however, failed to provide documentary support for his

representation that his net worth was less than $2 million dollars on the date the action was filed, September 14, 2000. Because of the deficiency, Butler and the Commission executed a joint stipulation which provided that "Butler will file an Amended Petition which corrects these omissions" and also established a briefing schedule on the amended application. On August 5, 2005, Butler filed his amended application which incorporated Olson's first affidavit. In the affidavit, Olson stated that Butler's net worth on September 14, 2000, as calculated by the "cost of acquisition" method prescribed by the EAJA "was no more than $1,952,845.33 and probably [was] less."

In its opposition, the Commission noted that the bank statement attached to Olson's affidavit evidenced a transfer of $100,000 out of Butler's primary bank account to his attorneys on September 15, 2000, the day after this action was filed. Because Olson did not include the $100,000 as an asset in the calculation of Butler's net worth, the Commission argued that Butler's net worth on September 14, 2000, was clearly greater than $2 million. Additionally, the Commission noted that Butler failed to provide any documentary support for the valuation of his automobiles and personal possessions.

Butler then filed a reply brief which relied upon Olson's second affidavit. The second affidavit, which employed a different method of evaluation of Butler's assets, concluded that Butler's net worth on September 14, 2000, was "no more than $1,913,154.98 and . . . probably less." This was $40,000 less than the net worth set forth in Olson's initial analysis. Butler also argued that he had an obligation to pay a $100,000 retainer to his attorneys which predated the filing of the Commission's action. Though the $100,000 was transferred after the action was filed, Butler argued that it was a liability for purposes of his net worth calculation. Butler, however, failed to provide a copy of a retainer agreement that would support his position. The Commission also argued that: (1) Olson's revision of his prior methods and calculations was result oriented and undermined the credibility of his work; and (2) Butler again failed to sustain his burden of establishing that his net worth was less than the $2 million statutory threshold.

Without leave of the Court, Butler filed a "Supplemental Declaration" on October 12, 2005, which attached Olson's third affidavit. In the affidavit, Olson purports to rely on

3

"additional information and documentation [received] from Mr. Butler." Moreover, the affidavit employs a third methodology in effort to reduce Butler's third revised net worth below $2 million.

This Court is mindful that although one of the purposes of the EAJA is to encourage challenges to governmental agency action and to provide a disincentive to agencies to unduly prolong litigation, the EAJA serves as a waiver of our government's sovereign immunity and its provisions and requirements must be strictly construed. *See Dewalt v. Sullivan*, 963 F.2d 27, 29-30 (3d Cir. 1992). The Commission argues, and the Court agrees, that Butler has made a mockery of process established by Congress that requires an applicant seeking fees under the EAJA to prepare and file a fee application within ninety (90) days. Butler has continued to revise his application well beyond a reasonable extension of the ninety day allowance. Moreover, Butler has filed three revised affidavits as evidence of his net worth that are replete with inconsistent results, methods and documentary evidence. Because of serious credibility questions, this Court gives little weight to Olson's net worth analyses.

Further, Butler has not provided any evidence that the $100,000 transfer to his counsel was part of a classic non-refundable retainer, which is earned on receipt and may be deposited into a lawyer's general operating account, as opposed to the lawyer being required to deposit it in the client's trust account. *See In re Gray's Run Technologies, Inc.* 217 B.R. 48, 53 (Bankr. M.D. Pa. 1997). A special retainer on the other hand secures payment for future services. Special retainers are typically categorized as a security retainer or an advance fee retainer. *In re Pannebaker Custom Cabinet Corp.*, 198 B.R. 453, 459 (Bankr. M.D.Pa. 1996). "Advance fee retainers differ from security retainers in that ownership of the funds is intended to pass to the attorney at the time of the payment." *Id.*, citing *In re Renfrew Center of Florida, Inc.*, 195 B.R. 335, 338 (Bankr. E.D. Pa. 1996). Without such evidence, the Court has no choice but to count the $100,000 as an asset in the determination of Butler's net worth as of September 14, 2000. Butler's net worth on the date the action was filed was in excess of $2 million making him ineligible to seek an award of fees under the EAJA.

B.  The Commission's Position Was Substantially Justified

The Commission has the burden of establishing that there was substantial justification for its position. *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d at 128. In order to do so, it must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *Id.*

It is well settled that the government may lose on the merits yet still be found to have been substantially justified in its position. Similarly, if the case turns on an unsettled or "close" question of law, the government's position will normally be substantially justified notwithstanding the fact that its legal position is ultimately rejected. *Washington v. Heckler*, 756 F.2d 959, 961-62 (3d Cir. 1985). In contrast, "when the government's legal position clearly offends established precedent . . . its position cannot be said to be 'substantially justified.'" *Id.* at 962.

In order to establish that Butler engaged in unlawful insider trading, the Commission must prove that Butler was (1) a corporate insider, (2) who purchased or sold securities, (3) while in possession of material non-public inside information, and (4) acted with scienter. *See United States v. O'Hagan*, 521 U.S. 642, 651-52 (1997); *Dirks v. S.E.C.*, 463 U.S. 646, 653-654 (1983); *Chiarella v. United States*, 445 U.S. 222, 227-228 (1980). Although this Court ultimately found that Butler did not engage in insider trading, the Commission was substantially justified in its position regarding these elements especially in light of the circumstantial evidence. *See e.g. Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d at 128.[1]

The Commission's investigation of Butler continued for over three years. The evidence gathered over this time strongly suggested that Butler possessed material non-public information that FORE would probably not meet analysts' revenue predictions. It is undisputed that Butler requested, and began receiving, daily bookings reports, which have a

---

[1] In *S.E.C. v. Fox*, 855 F.2d 247 (1998, 5th Cir.), a factually similar case, the court held that the S.E.C. did not prove any of the necessary elements, but each element was substantially justified and therefore an award under EAJA was not granted.

5

direct correlation to revenue. Moreover, the timing of Butler's trades could certainly lead a reasonable person to suspect that Butler traded on such information.

The Commission contended that at the time Butler made the trades at issue, he had inside information that significantly altered the probability as to whether FORE would, for the first time in FORE's history, report fiscal 1997 fourth quarter results below analyst expectations. To show a likelihood that Butler traded on non-public material information, the Commission must establish that he had access to, and traded on, information that was specific and more private than general rumors. *See SEC v. Gonzalez de Castilla*, 184 F. Supp. 2d 365, 378 (S.D.N.Y. 2002)(quoting *United States v. Mylett*, 97 F.3d 663, 666 (2d Cir. 1996)). In *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997), the Third Circuit held that information is immaterial as a matter of law if the facts at issue "would have had no more than a negligible impact on a reasonable investor's prediction of the firm's future earnings." *Id.* at 1427. This Court, however, did not find support for the Commission's contention by the necessary preponderance in the record.

Moreover, if a case turns on an unsettled or "close" question of law, the government's position will normally be substantially justified notwithstanding the fact that its legal position is ultimately rejected. *Washington v. Heckler*, 756 F.2d 959, 961-62 (3d Cir. 1985). Clearly, the instant case turned on a very close question of fact and law. Originally, Chief Magistrate Judge Francis X. Caiazza denied both the Commission's and Butler's motions seeking summary judgment.[2] Specifically, Magistrate Caiazza noted that an extensive factual record supported the Commission's claims, and opined that "[b]oth parties' arguments for summary judgment implicate numerous questions of fact, require credibility determinations, and otherwise present questions that may only be resolved by a fact-finder." The findings of the Chief Magistrate Judge are objective indicia of the Commission's justification in litigating this action. Though the survival of a motion for summary judgment is not dispositive, it is certainly

---

[2] Chief Judge Donetta W. Ambrose adopted Judge Caiazza's Report and Recommendation as the Opinion of the Court denying the motions.

probative of the substantial justification standard. *See Jackson v. Bowen*, 807 F.2d 127, 130 (8th Cir. 1986)(stating that EAJA fees should not be awarded when "at least one permissible view of the evidence leads to a conclusion that the government has shown a reasonable basis in fact and law for its position.").

In preparing its Memorandum Opinion on Butler's motion for entry of judgment as a matter of law, this Court undertook a comprehensive review of the entire record in this case. Additionally, in its trial preparation, including ruling on several motions *in limine*, the Court became very familiar with the facts and circumstances of this intense litigation. Therefore, the Court can emphatically find that the Commission was substantially justified in its position, and that there is no evidence that the Commission pursued its position in bad faith. Accordingly, Butler's application for an award of attorney's fees shall be denied.

### ORDER OF COURT

Upon consideration of the Amended Motion for the Award of Attorneys' Fees and Expenses (**Document No. 174**) filed on behalf of Defendant, David W. Butler, and the Commission's response thereto, in accordance with the accompanying memorandum,

IT IS HEREBY ORDERED that the Amended Motion for the Award of Attorneys' Fees and Expenses is **DENIED**.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:   Timothy N. McGarey, Esquire
      U.S. Securities & Exchange Commission
      Office of General Counsel
      100 F. Street, NE
      Washington, DC 20549-9612

      Kingdon Kase, Esquire
      Catherine E. Pappas, Esquire
      Securities & Exchange Commission
      Mellon Independence Center
      701 Market Street
      Suite 2000
      Philadelphia, PA 19106

Burton H. Finkelstein, Esquire
Donald J. Enright, Esquire
Conor R. Crowley, Esquire
Finkelstein, Thompson & Loughran
1050 30th Street, NW
Washington, DC 20007