# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

Civil Action No. 00-1827

       Plaintiff,

Judge Cercone

    v.

DAVID W. BUTLER,

       Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION UPON THE COURT'S DENIAL OF DEFENDANT'S EXPENSES

Respectfully submitted by:

Douglas G. Thompson, Esq.
Donald J. Enright, Esq.
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, NW
Washington, DC 20007
(202) 337-8000

Attorneys for Defendant

## INTRODUCTION

Following the Court's entry of Judgment in his favor in this matter, Defendant David W. Butler ("Defendant" or "Butler") moved the Court for entry of an order awarding his attorneys' fees and expenses arising from this litigation. Included in this Motion was a request that the Court award Butler his costs of litigation under 28 U.S.C. § 2412(a)(1).

On December 29, 2005, the Court entered a Memorandum Order denying Defendant's Motion. The Court's Memorandum Order held that Defendant was not entitled to an award of his attorneys' fees under the Equal Access to Justice Act ("EAJA") because he had failed to demonstrate that his net worth at the time of the initiation of this action was below the statutory threshold of $2 million, and that he had failed to establish that the Plaintiff's position lacked substantial justification.

Without asking the Court to revisit the issues of substantial justification or Butler's net worth, Defendant now moves the Court to reconsider his Motion with regard to his entitlement to repayment of his litigation costs under 28 U.S.C. § 2412(a)(1), separate and apart from his attorneys' fees claims. Simply stated, a prevailing party in federal litigation against the United States government is entitled to repayment of his litigation expenses under 28 U.S.C. § 2412(a)(1) without regard to any net worth considerations and without regard to the substantial justification of the government's positions. Butler, as the prevailing party in this litigation, is thus entitled to recover his litigation costs in this matter, and the Court's findings upon Defendant's EAJA claims do not in any way negate his entitlement to such an award. As such, Defendant asks that the Court reconsider its December 29, 2005 Memorandum and Order and award Defendant a judgment for costs in the amount of $79,615.99.

1

## ARGUMENT

### I.    STANDARDS OF LAW

#### A.    Standards on a Motion for Reconsideration

The Third Circuit has ruled on motions for reconsideration under Rule 59(e) of the

Federal Rules of Civil Procedure. See General Refractories Co. v. Travelers Ins. Co., 1999 U.S.

Dist. LEXIS 896, 4-6 (E.D. Pa. 1999).  The purpose of granting a motion for reconsideration is to

"correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v.

Zlotnicky, 176 F.3d 669, 677 (3d Cir. 1999) (citing Keene Corp. v. Int'l Fidelity Ins. Co., 561 F.

Supp. 656, 665 (N.D. Ill. 1983).  Thus, Rule 59(e) motions can only be made for one of three

reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not

previously available has become available, or (3) it is necessary to correct a clear error of law or

prevent manifest injustice.  See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194,

1218 (3d Cir. 1995); Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J.

1993), aff'd, 37 F.3d 1485 (3d Cir. 1994).  A court should reconsider a prior decision if it

overlooked facts or precedent that reasonably would have altered the result.  See Tristrata Tech.,

Inc. v. ICN Pharms., Inc., 313 F. Supp.2d 405, 407 (D. Del. 2004).

#### B.    Standards for Recovery Under 28 U.S.C. § 2412(a)

28 U.S.C. § 2412(a)(1) provides that:

Except as otherwise specifically provided by statute, a judgment for costs, as
enumerated in section 1920[1] of this title [28 U.S.C. § 1920], but not including the

---

[1]        Such costs may include:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily
    obtained for use in the case;

2

fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

Thus, federal law allows a prevailing party in litigation against the United States to

recover costs and "expenses," including filing fees, photocopying costs, and transcript fees,

regardless of the substantial justification of the losing party's position, or the net worth of the

victor. 28 U.S.C. §§ 1920, 2412(a)(1). See also Farmers Cooperative Dairy, Inc. v. Block, 703

F. Supp. 379, 383 (E.D. Pa. 1989) (stating that filing fees, transcript costs and photocopy costs

are compensable under even a narrow reading of §§ 1920 and 2412(a)(1)).

In order to qualify for an award of litigation expenses under 28 U.S.C. § 2412(a), a party

need only show that it was the prevailing party in an action brought by or against the United

States government, and the specific, heightened requirements of 28 U.S.C. § 2412(d) for the

recovery of attorneys' fees do not apply.[2] As such, neither the petitioner's net worth nor the

---

(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

See 28 U.S.C. § 1920. However, costs assessable to United States under 28 USCS § 2412(a) are not necessarily limited to those listed in 28 USCS § 1920. National Organization for Reform of Marijuana Laws v Mullen, 828 F2d 536, 546 (9th Cir. 1987).

[2]     The statutory allowance of costs referred to in 28 U.S.C. § 2412(a) is not predicated on a finding that the United States' position was not substantially justified, but instead a party in litigation with the United States is entitled to recover costs under § 2412(a) if it was a prevailing party against the United States. See, e.g., Abernathy v. Clarke, 857 F.2d 237, 239 (4th Cir. 1988). Moreover, by its own terms the statutory definition of "party" for the purposes of EAJA (which grants standing to bring an EAJA claim only to individuals with a net worth under $2 million at the time of the commencement of litigation) applies only to claims brought under subsection (d) of 28 U.S.C. § 2412. See 28 U.S.C. § 2412(d)(1)(2) (stating that the definition of a "party" as one with a net worth of less than $2 million applies only "[f]or the purposes of this subsection").

3

substantial justification of the United States' positions are relevant to a petitioner's request for a judgment of costs.

## II.    THE COURT SHOULD RECONSIDER ITS DENIAL OF LITIGATION COSTS

It is beyond doubt that David W. Butler was the prevailing party in litigation brought by the United States.  The "prevailing party standard is interpreted liberally and a litigant is a prevailing party . . . if he succeeds on any significant issue in the litigation that achieves some benefits on the merits." SEC v. Morelli, Case No. 91-3874, 1995 U.S. Dist. LEXIS 141 *8 (S.D.N.Y. Jan. 11, 1995).  Butler won a judgment in his favor under Fed.R.Civ.P. 52(c) at the close of the Commission's case-in-chief.  Butler has accordingly obtained all the relief he sought and is therefore a "prevailing party".  See Morelli, 1995 U.S. Dist. LEXIS 141 at *7 (holding that a defendant who defeated the SEC on a Rule 52(c)) motion was a prevailing party against the United States).

As such, by the plain wording of the statute and under all prevailing precedent, Butler should be awarded his costs of litigation from this matter consistent with 28 U.S.C. §§ 1920 and 2412(a)(1).  However, the Court did not address these statutory provisions, nor Butler's entitlement to a judgment for costs under them, in its Order dated December 29, 2005.  Instead, the Court focused exclusively on Butler's attorneys' fees petition under § 2412(d) and the issues attendant thereto.

Defendant respectfully submits that this was clear error, as Butler's motion for a judgment for costs under 28 U.S.C. § 2412(a)(1) was properly before the Court and ripe for consideration.  Butler submitted clear and accurate records of his costs and expenses in connection with this litigation separate and apart from any attorneys' fees, thereby documenting

4

the compensable expenses to which he is entitled. <u>See</u> Second Enright Declaration in Support of

Motion to Award Fees and Costs at Exhibit 8.

Specifically, Butler has submitted undisputed evidence that the total expenses he incurred

in connection with this litigation were at least $216,824.39. This figure was not only supported

by a summary accounting, but also by a detailed, item by item listing of every expense incurred

in connection with this litigation. <u>Id.</u>

It is notable that this full expense calculation included expenses that would have been

compensable under § 2412(d), but might not be compensable under § 2412(a)(1). For this

reason, Defendant has extracted from his original expense request only those expenses that are

explicitly compensable pursuant to §§ 1920 and 2412(a)(1). <u>See</u> Declaration of Donald J.

Enright in Support of Motion for Reconsideration. These total $79,615.99.

The Commission has not disputed the veracity of Butler's expenses, nor has the

Commission ever disputed Butler's entitlement to claim a judgment for costs under 28 U.S.C. §

2412(a). Rather, apparently realizing Butler's manifest entitlement to such costs under §

2412(a), the Commission confined its arguments to Butler's EAJA claims under § 2412(d). As

such, there is nothing in the record to counter Butler's right to recover these costs.

In light of Butler's clear and meritorious motion for an award of his costs pursuant to 28

U.S.C. § 2412(a)(1) and the undisputed evidence of the compensable expenses he has incurred,

the Court's implicit denial of a judgment for costs under § 2413(a) constituted clear error. As

such, the Court should reconsider its December 29, 2005 Memorandum Order, and award

Defendant a judgment for costs in the amount of $79,615.99. <u>Tristrata Tech., Inc.</u>, 313 F.

Supp.2d at 407 (holding that reconsideration is proper where a court has not properly considered

5

all of the facts and law properly before it).

## CONCLUSION

For the foregoing reasons, the Court should reconsider and amend its Memorandum

Order dated December 29, 2005, and award Defendant his compensable expenses from this

litigation in the amount of $79,615.99.

Date: January ___11___, 2006                    Respectfully submitted by:

Douglas G. Thompson, Esq.
Donald J. Enright, Esq.
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, NW
Washington, DC 20007
(202) 337-8000

*Attorneys for Defendant*