IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 00-1827 |
| DAVID W. BUTLER, | : |
| Defendant. | : |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR RECONSIDERATION

Defendant David W. Butler has filed a motion seeking reconsideration of the December 29, 2005 Memorandum Order entered by this Court denying his amended application for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") ("the Memorandum Order"). Butler argues that he is entitled to repayment of costs totaling $79,615.99 pursuant to 28 U.S.C. 2412(a), and requests that this Court amend the Memorandum Order to award judgment in his favor in that amount.

In fact, as the Commission has already noted in its opposition to Butler's amended application, Butler is barred by Section 27(a) of the Exchange Act of 1934 (28 U.S.C. 78aa) from seeking recovery against the Commission for costs prescribed in 28 U.S.C. 1920. Because virtually all of the costs for which he seeks recovery are enumerated in section 1920, Butler is barred as a matter of law from obtaining reimbursement for such costs. Moreover, assuming *arguendo* that he was not barred from seeking the award of at least some of his costs, the plain language of section 2412(a) demonstrates that the award of costs is within the discretion of the

deciding judge.  For the reasons set forth in the Memorandum Order, the decision to allow both parties to bear their costs associated with this litigation was appropriate.

ARGUMENT

Butler is barred from recovering the costs he seeks from the Commission because section 2412(a), the portion of EAJA he relies upon, only allows recovery of costs "[e]xcept as otherwise specifically provided by statute." 1/   Section 27 of the Exchange Act, 15 U.S.C. 78aa, expressly states that "[n]o costs shall be assessed for or against the Commission."  As the Commission noted in its initial opposition, the U.S. District Court for the Southern District of New York concluded in SEC v. Kaufman, 835 F. Supp 157, 158-9 (S.D.N.Y. 1993) that "'costs' can be given their normal meaning as defined by the plain language of 28 U.S.C. 1920, which is specifically referred to in 28 U.S.C. 2412(a)."  Thus, applicants cannot recover any of the costs enumerated in 28 U.S.C. 1920 against the Commission.  Id. at 159.

The term "costs" under section 1920 includes, *inter alia*, filing fees, fees for transcripts and copying costs, the very types of expenses Butler's motion argues he is "entitled" to be awarded.  Specifically, Butler asserts that he is entitled to recover copying fees totaling $42,044.92, "outside reproduction costs" totaling $2,293.80, a "Document Fee" totaling

---

1/     Section 2412(a) provides in relevant part:

> "Except as otherwise specifically provided by statute, a judgment of costs, as enumerated in section 1920 of this title [28 USCS 1920], but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the Untied States . . ."

(Emphasis provided).

$22,874.35, 2/ filing fees of $240.00, transcript fees totaling $7,744.57, service of process fees of $4,063.35, and $355.00 in facsimile charges. With the possible exception of the service of process fees and the facsimile charges totaling $4,418.35, Butler is barred by statute from obtaining an award for <u>any</u> of the costs he seeks. 3/

      Furthermore, Butler's argument that he is "entitled" to an award of costs because he prevailed in the underlying action is directly contradicted by the language of section 2412(a), which by its use of the word "may" clearly vests the decision whether to award costs to the discretion of the Court. <u>See</u> fn 1, *supra*. <u>See also</u> <u>U.S. v. Kemper Money Market Fund, Inc.</u>, 781 F.2d 1268, 1280 (7th Cir. 1986) ("the permissive language of section 2412(a) certainly preserves a court's discretion over an award of costs. * * * Thus, the award of costs rests with the discretion of the district court." (citation omitted)). In light of this Court's "emphatic[]" conclusion that the Commission's position in this action was substantially justified as well as its conclusion that "there is no evidence that the Commission pursued its position in bad faith," the Court's decision requiring Butler to bear whatever minimal costs (if any) for which he is legally entitled to seek recovery represented an appropriate exercise of the Court's discretion.

---

2/    Butler has not offered any explanation what the term "document fee" refers to, and why it is appropriately recoverable as a cost.

3/    Butler offers no documentation and no explanation substantiating his allegation that he incurred more than $4000 in charges to effect service of process.

CONCLUSION

For the reasons described above, Butler's motion seeking reconsideration should be denied.

Dated: January 18, 2006                              Respectfully submitted,


UNITED STATES SECURITIES                RICHARD M. HUMES
and EXCHANGE COMMISSION                 Associate General Counsel
100 F. Street, N.E.
Washington, DC                          SAMUEL M. FORSTEIN
    20549-9612                          Assistant General Counsel

Tel:  (202) 551-5140
Fax: (202) 772-9263                     /s/ Timothy N. McGarey

                                        TIMOTHY N. McGAREY
                                        Special Trial Counsel

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that a copy of Plaintiff's Opposition to Butler's Motion for Reconsideration was served via U.S. Mail, postage prepaid, this 18th day of January, upon the following:

Donald J. Enright
FINKELSTEIN, THOMPSON & LOCHRAN
1050 30TH Street, NW
Washington, DC 20007

/s/ Timothy N. McGarey
Timothy N. McGarey