UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

v.

DAVID W. BUTLER,

      Defendant.

Civil Action No. 00-1827

Judge Cercone

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR RECONSIDERATION
UPON THE COURT'S DENIAL OF DEFENDANT'S EXPENSES**

Respectfully submitted by:

Douglas G. Thompson, Esq.
Donald J. Enright, Esq.
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, NW
Washington, DC 20007
(202) 337-8000

Attorneys for Defendant

## INTRODUCTION

On January 11, 2006, Defendant David W. Butler ("Butler") moved this Court to reconsider its December 29, 2005 Memorandum Order denying Defendant's Motion for entry of an order awarding his attorneys' fees and expenses arising from this litigation under the Equal Access to Justice Act ("EAJA"). The Court's Memorandum Order held that Defendant was not entitled to an award of his attorneys' fees and expenses because he had failed to demonstrate that his net worth at the time of the initiation of this action was below the statutory threshold of $2 million, and because he had failed to establish that Plaintiff Securities and Exchange Commission's ("Commission") position lacked substantial justification.

Without asking the Court to revisit the issues of substantial justification or Butler's net worth, Defendant moved the Court to reconsider his Motion with regard to his entitlement to repayment of his litigation costs under 28 U.S.C. § 2412(a)(1), separate and apart from his attorneys' fees claims. The Commission opposed this Motion

The Commission's opposition rests on two inaccurate premises: first, the Commission relies on the improper argument that 28 U.S.C. § 1920 bars Butler from recovering *any* costs whatsoever related to photocopying or handling of documents. Second, the Commission wrongly posits that this Court decided to "require[] Butler to bear whatever minimal costs . . . for which he is legally entitled to seek recovery," and then argues this was within this Court's discretion. Plaintiff's Opposition to Defendant's Motion for Reconsideration at 3. Both arguments are erroneous and should be rejected.

## ARGUMENT

### I.  BUTLER IS ENTITLED TO RECOVER THE COSTS OF LITIGATION

Despite the Commission's protestations to the contrary, Butler is entitled to recover his

costs under the plain language of EAJA. 28 U.S.C. § 2412(a)(1). While Butler is barred from recovering "any of the costs enumerated in 28 U.S.C. § 1920," the *only* photocopies falling within the scope of 28 U.S.C. § 1920 are photocopies made for either the Court or for opposing counsel. Tavarez v. Heckler, 610 F. Supp. 1059, 1064 (S.D.N.Y. 1985) (noting "photocopying expenses [fall within the scope of] § 1920 only to the extent that the copies were furnished to the Court or to opposing counsel."). All other copying costs are recoverable under EAJA. Hicano v. Apfel, 97-CV-4037, 2002 U.S. Dist. LEXIS 9349 * 14 (S.D.N.Y. 2002) (noting "copies made for the convenience of counsel or the court are not taxable," and, therefore, are not barred by 15 U.S.C. § 77aa). Nevertheless, the Commission seeks to bar *all* of Defendant's copying costs and document fees. This is improper, and the Commission's attempt to prevent Defendant from fully recovering his expenses should be denied. See Farmers Cooperative Dairy, Inc. v. Block, 703 F. Supp. 379, 383 (E.D. Pa. 1989) (stating that filing fees, transcript costs and photocopy costs are compensable under even a narrow reading of §§ 1920 and 2412(a)(1)).

Indeed, Butler has extracted from his original expense request only those expenses that are explicitly compensable pursuant to §§ 1920 and 2412(a)(1). See Declaration of Donald J. Enright in Support of Motion for Reconsideration, filed January 11, 2005. These total $79,615.99. This Court should amend its Memorandum Order dated December 29, 2005, to include an award of these costs.

## II. THIS COURT DID NOT DIRECTLY ADDRESS BUTLER'S ENTITLEMENT TO COSTS OF LIMITATION

While the Commission argues that this Court rejected Butler's request for costs under 28 U.S.C. §§ 1920 and 2412(a)(1), the truth of the matter is that the Court did not address these statutory provisions (nor Butler's entitlement to a judgment for costs under them) in its Order

dated December 29, 2005. Instead, the Court focused exclusively on Butler's attorneys' fees petition under § 2412(d) and the issues attendant thereto.

Those attendant issues included (1) Butler's net worth and (2) the substantial justification (or lack thereof) of the Commission's position; this Court found in favor of the Commission on both grounds. However, a prevailing party in federal litigation against the United States government is entitled to repayment of his litigation expenses under 28 U.S.C. § 2412(a)(1) without regard to any net worth considerations and without regard to the substantial justification of the government's positions. Abernathy v. Clarke, 857 F.2d 237, 239 (4th Cir. 1988) (finding "the statutory allowance of costs referred to in section 2412(a) is not predicated on a finding that the government's position was not substantially justified"); 28 U.S.C. § 2412(d)(1)(2) (stating that EAJA definition a "party" as one with a net worth of less than $2 million applies only "[f]or the purposes of this subsection.").

Butler filed the present Motion to request the Court reconsider his Motion with regard to his entitlement to repayment of his litigation costs under 28 U.S.C. § 2412(a)(1), ***separate and apart from his attorneys' fees claims***. This Court never directly addressed Butler's entitlement to such an award in its original Order. As such, the Court should reconsider its December 29, 2005 Memorandum Order, and award Defendant a judgment for costs in the amount of $79,615.99. See Tristrata Tech., Inc. v. ICN Pharms., Inc., 313 F. Supp.2d 405, 407 (D. Del. 2004) (noting a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result.)

## **CONCLUSION**

For the foregoing reasons, the Court should reconsider and amend its Memorandum Order dated December 29, 2005, and award Defendant his compensable expenses from this

litigation in the amount of $79,615.99.

Date: January 27, 2006                    Respectfully submitted by:

                                          _____
                                          Douglas G. Thompson, Esq.
                                          Donald J. Enright, Esq.
                                          FINKELSTEIN, THOMPSON & LOUGHRAN
                                          1050 30th Street, NW
                                          Washington, DC 20007
                                          (202) 337-8000

                                          *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 00-1827 |
| Plaintiff, | Judge Cercone |
| v. | |
| DAVID W. BUTLER, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Michael G. McLellan, hereby affirm and attest that a true and correct copy of the foregoing Reply Memorandum of Law In Support of Defendant's Motion for Reconsideration Upon The Court's Denial Of Defendant's Expenses was sent via Federal Express this 27th day of January 2006 to the following:

Catherine Pappas, Esq.
U.S. Securities and Exchange Commission
Mellon Independence Center
701 Market Street
Suite 2000
Philadelphia, PA 19106

Timothy N. McGarey
Office of General Counsel
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

Michael G. McLellan